UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KURT AUGER, ET AL.** | **CIVIL ACTION NO. 5:19-CV-400** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **FORD MOTOR CO.** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the Court is Defendant's motion for summary judgment. [Record Document 15]. Plaintiffs, Kurt Auger and Phyllis Auger, chose not to file an opposition to the motion. [Record Document 17]. Defendant's motion seeks dismissal of all claims, but only expressly addresses one of Plaintiffs' claims. [Record Document 15-1]. For the reasons stated herein, Defendant's motion is **GRANTED in part**. Plaintiffs' design defect claim is **DISMISSED with prejudice**. Plaintiffs have until **February 12, 2020**, to provide the Court with reasons why their breach of warranty and defective composition or construction claims should not be dismissed *sua sponte*.

## BACKGROUND

This case stems from a one-vehicle accident that occurred on February 27, 2018. [Record Document 1-1 at 2]. On that day, Kurt Auger was driving a 2014 Ford Expedition with Phyliss Auger in the passenger seat. [*Id.*] After unexpectedly encountering a tree in the roadway, the vehicle veered off the road where it collided with a second tree. [Record Document 1-1 at 3]. While both were restrained at the time of the accident, Phyllis Auger

1

suffered injuries to her sternum. [Record Document 1-1 at 2-3]. The airbags did not deploy. [Record Document 1-1 at 3].

Plaintiffs filed the instant suit alleging that the accident was due to the failure of the vehicle's "safety restraint system and/or crash protection system." [Record Document 1-1 at 3]. They allege that Defendant, Ford Motor Company ("Ford"), is liable for its "fault and/or negligence," breach of warranty, and for a violation of the Louisiana Products Liability Act ("LPLA") due to defective design, composition, or construction of the vehicle or its components. [Record Document 1-1 at 3].

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23. However, "if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

2

"[A] district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party is still required to establish that there is no genuine issue of material fact regardless of whether any response has been filed. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). However, because Plaintiffs did not file an opposition or statement of contested material facts, Ford's statement of uncontested material facts is deemed as admitted for the purposes of the instant motion pursuant to Local Rule 56.2.[1] *Dade v. Clayton*, No. 12-680, 2012 WL 1795144 at *2 (W.D. La. May 11, 2012).

## II. Plaintiffs' LPLA Claims

Plaintiffs' complaint alleges that Ford is liable for negligence, breach of warranty, and violations of the LPLA. Importantly, all of these claims relate to the allegedly defective vehicle. [Record Document 1-1 at 3]. Because Ford is a manufacturer and Plaintiff's claims relate to its product being defective, all of Plaintiffs' claims must be analyzed under the LPLA. La. Rev. Stat. Ann. § 9:2800.52 ("This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter."). *See also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002) (noting that while claims under the LPLA are based on principles of strict liability, negligence, or warranty, these theories are not independently "available as theories of recovery against a manufacturer.").

---

[1] Local Rule 56.2 states, in part, "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

3

The Court will address each of the alleged violations in Plaintiffs' complaint individually.

### a. <u>Defective Design</u>

Defendant argues that Plaintiffs' defective design claim must fail as a matter of law because a plaintiff cannot meet his or her burden under the LPLA without the use of expert testimony, which the Plaintiffs have not presented. [Record Documents 15-1 at 3-4 and 15-6 at 1].

The LPLA imposes liability on a manufacturer for an "unreasonably dangerous design" if,

> at the time the product left its manufacturer's control: (1) [t]here existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) [t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

La. Rev. Stat. Ann. § 9:2800.56.

The burden is therefore on Plaintiffs to put forward an alternate design that would have prevented their injuries. *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 137 (5th Cir. 2004). There is no per se rule that an expert must be used to satisfy this burden. *Id.* However, in order to proceed without expert testimony, the product must be simple enough that a layman can understand without the aid of an expert. *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017). For example, when a plaintiff's argument of design defect is that the manufacturer should have placed a door on the operator compartment to prevent injuries sustained by an operator's leg swinging out of the compartment and being crushed between

4

two machines during a collision, an expert is not required as a matter of law. *Malbrough*, 392 F.3d at 136-37.

Plaintiffs' case is not as simple as placing a door on a forklift. It involves complex information including how the vehicle was engineered and the exact nature of the crash that a layman cannot easily understand without expert testimony. [Record Documents 15-2 and 15-3]. The fact that Plaintiffs have failed to retain an expert to explain the design defect in the vehicle is therefore fatal to their case. Furthermore, Plaintiffs have not presented evidence of an alternate design that would have prevented their injuries, which means that even if the Court were to find that this were a case where expert testimony was not necessary, Plaintiffs have not met their summary judgment burden of showing that an alternate design exists. Thus, their design defect claim is **DISMISSED with prejudice**.

### b. Breach of Warranty

Under the LPLA,

> [a] product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

La. Rev. Stat. Ann. § 9:2800.58. To establish a claim, a plaintiff must prove that: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

5

Plaintiffs' warranty claim cannot survive summary judgment. First, Plaintiffs' complaint does not specify what warranty Ford made to them and Plaintiffs have not provided the Court with any evidence of the alleged warranty. Second, inferring that the alleged warranty generally relates to the vehicle's safety restraint or crash protection system and assuming as true Ford's statement of uncontested facts as the Court must under Local Rule 56.2, the forces generated by the crash were not enough to deploy the airbags; even if the airbag deployed, Phyliss Auger's injuries would not have been reduced; and the accident was not "caused or contributed to" by any defects in the vehicle. [Record Document 15-6 at 1]. This means that Plaintiffs have failed to establish at least three elements of their warranty claim: that the manufacturer made an express warranty, that the product failed to conform to an express warranty, and that the falsity of the express warranty proximately caused Plaintiffs' harm.

Because Plaintiffs cannot establish all elements of their claim, the Court is inclined to dismiss their breach of warranty claim with prejudice. However, neither party has directly addressed the merits of this claim. Plaintiffs will have an opportunity to respond to the instant ruling and provide reasons why this claim should not be dismissed *sua sponte*. *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 770-71 (5th Cir. 2000) ("[I]t is well-settled that a district court may grant summary judgment *sua sponte*, 'so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment.'") (quoting *Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995)). If the Court hears nothing from Plaintiffs on this issue by **February 12, 2020**, Plaintiffs' breach of warranty claim will be dismissed with prejudice.

c. <u>**Unreasonably Dangerous in Construction or Composition**</u>

Plaintiffs complaint next alleges that the vehicle's safety restraint system or crash protections system was unreasonably dangerous in its construction or composition. "A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Rev. Stat. Ann. § 9:2800.55.

Again assuming Ford's statement of uncontested facts to be true, Plaintiffs cannot establish that the vehicle or any of its components had any material deviations from Ford's specifications or performance standards when the product left Ford's control. For example, the Court must assume that no defects in the vehicle caused or contributed to the accident and that the airbag system in the vehicle "was properly designed, manufactured and tested." [Record Document 15-6 at 1]. This is fatal to Plaintiffs' claim, and the Court is inclined to dismiss Plaintiffs' defective construction or composition claim with prejudice. Again, neither party has directly addressed the merits of this claim. Plaintiffs will have an opportunity to respond to the instant ruling and provide reasons why this claim should not be dismissed *sua sponte*. If the Court hears nothing from Plaintiffs on this issue by **February 12, 2020**, Plaintiffs' defective construction or composition claim will be dismissed with prejudice.

## CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment [Record Document 15] is **GRANTED in part**. Plaintiffs' design defect claim is **DISMISSED with prejudice**. Plaintiffs have until **February 12, 2020**, to provide the Court with reasons why

7

their breach of warranty and defective composition or construction claims should not be dismissed *sua sponte*.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this ____ day of January, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE